[Civ. No. 279.   Second Appellate District.—November 16, 1906.]

## THOMAS A. POGUE, Respondent, v. B. J. BALL and DANIEL CALCOTE, Appellants.

CONTRACT IN LEASE—SUPPLY OF TREES—PERSONAL COVENANT—ACTION BY LESSOR FOR BREACH—ASSIGNMENT—REASSIGNMENT WITH ACCRUED DAMAGES —DECISION NOT AGAINST LAW.—In an action by a lessee to recover damages for breach of a personal covenant by the lessee of land for nursery stock, to leave the land set in orchard form with navel orange trees at the usual distance apart, requiring one thousand trees, and to supply any missing or defective trees from nursery stock, which he failed to do, to plaintiff's damage in a specified sum, a decision in favor of the plaintiff is not against law, on the ground that plaintiff had assigned the contract to a vendee of the land, where it appears that shortly afterward such vendee reassigned the contract to plaintiff with all accrued damages, including any damages for breach of the personal covenant.

ID.—IMMATERIAL VARIANCE.—Assuming that there was a variance between the suit by the lessor for breach of the contract contained in the lease, and the right of recovery existing by the reassignment of the contract to him, with accrued damages, the variance is wholly immaterial.

ID.—APPEAL FROM JUDGEMENT NOT CONSIDERED.—An appeal from the judgment not taken within the time allowed by law will not be considered.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. W. B. Wallace, Judge.

The facts are stated in the opinion of the court.

Roth & McFadzean, for Appellants.

Bradley & Farnsworth, for Respondent.

SMITH, J.—This is an appeal from an order denying the defendants' motion for a new trial. There is also an appeal from the judgment, but this was not taken in time, and will not be considered.

The suit was brought for damages for breach of the contract contained in a lease from the plaintiff to the defend-

ants of date February 10, 1899. The lease was for a tract of six acres of land forming part of a larger tract, for the term ending August 1, 1902, which, it was contemplated by the parties, was to be used for nursery purposes. The terms of the contract alleged to have been violated (changing the order for the sake of convenience) are as follows:

(1) "That at the time of the termination of this lease" the defendants were to leave the land "set in orchard form with navel orange trees at the usual distance apart," which it appears would require one thousand trees; that in case of the necessity arising to supply any missing or defective trees this "shall be done by said parties of the second part at the earliest date practicable after the execution of these presents"; and "in case one thousand trees may not be left in orchard form upon said land, that said party of the first part shall be entitled to have of said nursery stock the difference between the number of trees so left in orchard form upon said land and said one thousand trees, to be dug and delivered without expense to parties of the second part any time after May 1, 1901, on request of party of the first part."

(2) That the nursery trees within a radius of six feet from the trees to be left in orchard form shall be removed during the summer of 1900, and after May 1st.

On the latter point, the finding and judgment of the court was for the plaintiff and are not attacked by the appellants, which leaves us to consider only the first of the breaches assigned. On this the finding of the court is, "that it became necessary to supply about one hundred and fifty-six missing or defective trees on the parcel of land described in said contract, and that said defendants have failed and neglected to supply the same, or any part thereof, to plaintiff's damage in the sum of $468." Judgment was accordingly entered for the sum of $500, with costs.

This finding is not attacked on the ground of insufficiency of the evidence to sustain it, but apparently on the ground that the decision is against law. This position is based upon the fact that on January 21, 1901, the plaintiff, by his contract of that date, sold or agreed to sell the land in question, with other land surrounding it, to one Goodale, "together with all of the first party's right, title and interest in and

to that certain agreement dated the tenth day of February, 1899," between the plaintiff and defendants; and the argument is that under the terms of the contract there was no breach of the provisions of the contract cited until the termination of the lease, or after the assignment.

But this position cannot be sustained. It appears that on April 5, 1901, the contract was reassigned by Goodale to the plaintiff, together with all accrued damages, and the plaintiff thus became entitled to maintain his action for such damages, and also for any damages arising from the breach of the contract other than future damages affecting the land, which would include damages for breach of the contract of the defendants to deliver, in lieu of the missing trees, one hundred and fifty-six trees of the nursery stock. This was a purely personal obligation, in no way affecting the land, and, as we understand the contract, was the only right accruing to the plaintiff for deficiency in the number of trees. The plaintiff was, therefore, entitled to recover the amount of damages accruing from this breach, which is found by the court to be $468.

It is, indeed, urged by the appellants that this right of action is that of an assignee of the contract, and that there is therefore a material variance between the cause of action set up and the cause of action found. But assuming that there was a variance, we deem it to be altogether immaterial. (Code Civ. Proc., sec. 469.)

The judgment and order appealed from are affirmed.

Allen, J., and Gray, P. J., concurred.